### WAIFERSONG, LTD. INC., et al., Plaintiffs–Appellees,

v.

### CLASSIC MUSIC VENDING; Harry H. Krouskoupf, Sr.; Harry H. Krouskoupf, Jr., Defendants–Appellants.

### No. 91–4029.

United States Court of Appeals,
Sixth Circuit.

Argued May 14, 1992.

Decided Sept. 29, 1992.

David R. Kelleher, Baker & Hostetler, Columbus, Ohio, John F. Novatney, Jr. (briefed), Baker & Hostetler, Cleveland, Ohio, Richard H. Reimer (argued), American Society of Composers, Authors & Publishers, Andrew J. Schaeffer, The American Society of Composers, New York City, for plaintiffs-appellees.

Robert L. McCarty (argued and briefed), Columbus, Ohio, for defendants-appellants.

Before: NELSON and NORRIS, Circuit Judges; and JOINER, Senior District Judge.[*]

ALAN E. NORRIS, Circuit Judge.

Plaintiffs, owners of copyrights to musical compositions, brought a copyright infringement action against Harry Krouskoupf, Sr., his son, Harry Krouskoupf, Jr.,

---

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michi-

and Classic Music Vending, a business plaintiffs alleged was owned by the individual defendants. Essentially, plaintiffs alleged that defendants had played plaintiffs' songs, without authorization, in jukeboxes defendants operated in two eating and drinking establishments.

The complaint was filed on March 13, 1990, and returns of service indicate that personal service was made. Since no response was filed, plaintiffs moved for entry of default and default judgment. Default was entered by the clerk of the court on October 16, and the district judge entered a default judgment in the amount of $17,400 on December 12. When plaintiffs levied on defendants' bank account in February 1991, defendants moved to vacate the default judgment. An evidentiary hearing was conducted by a magistrate judge.

At the hearing, defendants Krouskoupf presented evidence to support their contention that they were not served with notice of the action. This evidence contradicted the process server's testimony as well as the returns of service. After hearing the evidence, the magistrate judge concluded that

> [t]he evidence in this case regarding service of process is wildly conflicting. However, the Court has no difficulty crediting the testimony of Mr. Hencye [the process server] and discounting, virtually in its entirety, the testimony of Junior and Senior. Insofar as Carol Moore's testimony is offered to corroborate the testimony of Junior and Senior regarding service of process, the Court discredits her testimony as well. Hencye, who appeared as a forthright, credible witness, demonstrated an independent recollection of the events of March 20, 1990, and was able to reasonably identify both Junior and Senior at the evidentiary hearing. Moreover, the communication between the Kroskopf's [sic] and counsel for plaintiffs shortly after the date of the alleged service serves to corroborate both the fact of service and Hencye's testimony that he referred them to counsel.

> The testimony of Junior and Senior, on the other hand, is worthy of no credit whatsoever. These witnesses were remarkably evasive when it suited their purposes, and their testimony was rife with inconsistencies, improbabilities, and contradictions.

> The Court is left with the abiding conviction that the defendants were properly served with process on the date indicated in the returns of service and as indicated in Mr. Hencye's testimony.

> . . . .

> ... [T]his Court is compelled to find that it was the defendants' own conduct that lead [sic] to the entry of the default judgment.... [T]he defendants' conduct, as amply demonstrated in this record, was both willful and intentional. Their behavior amounts to a deliberate disregard of the proceedings pending against them in this Court, and their testimony to the contrary is so unpersuasive as to border on the insulting. These defendants in fact received process by personal service, and both of them attempted to negotiate with plaintiffs' counsel. In fact, Junior was a party to prior litigation, and was thus doubly aware of the consequences of the litigation. Yet defendants nevertheless intentionally chose to ignore the proceedings until those proceedings progressed to the point that a bank account and assets were seized from them. It is far too late, however, to hear the defendants' protestations. (Footnote and citation omitted.)

In support of their motion to vacate the default judgment, defendants included affidavits indicating that they did not own the jukeboxes, and at the hearing, they introduced evidence to the same effect. The magistrate judge was not convinced that defendants did not own the jukeboxes. In addition, the magistrate judge concluded that vacating the judgment would prejudice plaintiffs in view of plaintiffs' efforts to settle the dispute prior to taking the default judgment, as well as the expense

gan, sitting by designation.

incurred in connection with obtaining the judgment.

The district court adopted the report and recommendation of the magistrate judge and overruled defendants' motion to set aside the default judgment.

On appeal, defendants dispute the district court's finding that they received notice of the lawsuit. They also contend that they are entitled to reversal, even if that finding is not disturbed, since any tardiness on their part is outweighed by their having tendered a meritorious defense and having pointed out the absence of any substantial prejudice to plaintiffs should the judgment be vacated.

Federal Rule of Civil Procedure 55(c) provides:

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c).

Under the rule, a stricter standard applies for setting aside a default once it has ripened into a judgment. When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard. But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment. While the standards for granting relief differ, the factors to be considered by the court are said to be similar and to include:

(1) Whether culpable conduct of the defendant led to the default,

(2) Whether the defendant has a meritorious defense, and

(3) Whether the plaintiff will be prejudiced.

See *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2692, 2694 (1983).

In practice, however, the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1),[1] the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

If we were reviewing the district court's refusal to set aside an entry of default, a dramatic balancing of the factors would be required to affirm the district court's order. This is because under the circum-

---

1. **Rule 60. Relief from Judgment or Order**
   . . . .
   **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

stances of this case, defendants came perilously close to articulating the existence of a meritorious defense (lack of ownership of the jukeboxes) and demonstrating the absence of substantial prejudice to plaintiffs. Accordingly, it would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief.

However, this appeal is from the district court's refusal to vacate a default judgment in response to defendants' request for relief under Rule 60(b)(1). Because the district court's assessment of the evidence concerning defendants' culpability is unassailable, defendants could not establish that their conduct was the result of mistake, inadvertence, surprise, or excusable neglect. Since that concluded the matter, demonstration of the existence of a meritorious defense and lack of prejudice could not assist defendants' cause.

Because we are unable to say that defendants' appeal was frivolous, we decline plaintiffs' request for an award of damages and costs pursuant to Fed.R.App.P. 38.

The orders of the district court are affirmed.