In re DMG MORTGAGE, Debtor.

Arnold S. WHITE, Trustee, Plaintiff,

v.

Larry KENT, et al., Defendants.

**Bankruptcy Nos. 95–52635.**
**Adversary No. 96–0536.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 8, 1998.

Craig R. Carlson, Porter, Wright, Morris & Arthur, Columbus, OH, for Defendant KeyBank.

Arnold S. White, Columbus, OH, for Plaintiff/Trustee.

Robert N. Burman, Columbus, OH, for Defendant Larry Kent.

Pamela N. Maggied, Columbus, OH, for Defendant Marcia Kent.

Sara J. Daneman, Gahanna, OH, for Debtor.

### OPINION AND ORDER ON DEFENDANT KEYBANK NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on defendant KeyBank National Association's motion for relief from judgment and for leave to file its answer *instanter*. The motion is supported by the affidavit of Alan J. Ronan, a vice-president of loan administration for KeyBank National Association (KeyBank). The plaintiff/trustee, Arnold S. White, opposed the motions and moved to strike all or certain paragraphs of Mr. Ronan's affidavit for lack of personal knowledge. The matter was heard by the Court on June 30, 1998.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the general order of reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(H) and (K).

The evidence clearly establishes that Society National Bank nka KeyBank was served with a copy of the amended complaint and summons. Society likewise was served with the trustee's motion for default judgment. In each of these instances, service was directed by certified mail to Society's presi-

dent, and an employee at KeyBank's Columbus office signed for the mail. The record is devoid of any response by KeyBank, formal or otherwise.

KeyBank does not challenge the validity or the sufficiency of the service. Alan J. Ronan, a work-out officer in KeyBank's Cleveland office, testified that the two individuals who signed the respective certified mail receipts were employees of KeyBank authorized to receive mail. Mr. Ronan offered no explanation for what happened to the amended complaint and summons and the motion for default judgment after they were received by KeyBank. According to his testimony, the documents are nowhere to be found in Key-Bank's records.

Mr. Ronan first became involved with this matter following entry of the default judgment when Larry Kent, one of the defendants in this action, wrote a letter to KeyBank dated March 12, 1998, which referenced the default judgment. The matter was referred to Mr. Ronan on March 21, 1998. He then made various phone inquiries to KeyBank's personnel and hired a Columbus law firm to investigate. Mr. Ronan also familiarized himself with the procedures for distribution of litigation documents in the Columbus office of KeyBank. He was unable to determine, however, whether or not these procedures were followed with respect to this matter.

KeyBank has moved to set aside the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on grounds that its failure to answer or otherwise respond to the trustee's amended complaint was the result of excusable neglect.

KeyBank urges this Court to consider its motion under the standard for excusable neglect set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). While the Sixth Circuit has not analyzed excusable neglect under Rule 60(b) using the *Pioneer* standard, the Bankruptcy Appellate Panel notes that the Rule 60(b) cases decided by the Sixth Circuit are consistent with *Pioneer*. *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 759 (6th Cir. BAP 1998).

■ The factors considered by the Sixth Circuit include:

(1) whether culpable conduct on the part of the defendant led to the default;

(2) whether the defendant has a meritorious defense; and

(3) whether the plaintiff will be prejudiced. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). When a defendant is proceeding under Rule 60(b)(1), as here, the culpability factor is framed in terms of "excusable neglect". *Id.* Only if the defendant can satisfy that its default was the product of excusable neglect, will it be allowed to demonstrate satisfaction of the other two criteria. *Id.; see also Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir.1995).

■ The Court does not believe that Key-Bank has demonstrated its default was the product of excusable neglect. In fact, it offered no explanation for why its procedures for the distribution of litigation documents repeatedly failed regarding this matter.

As a result of KeyBank's failure to establish excusable neglect, the Court determines that its inaction in this case was culpable. *See Slutsky v. American Express Travel Related Services Co. (In re William Cargile Contractor, Inc.)*, 209 B.R. 435, 438. ("Generally, a defendant's conduct is considered culpable if there is no excuse for the default.") While there was no evidence that KeyBank intended to thwart these judicial proceedings, its inability to account for multiple service of pleadings in this adversary indicates a reckless disregard for the effect of its conduct on the court proceedings. *See Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d at 399).

■ Because KeyBank failed to establish that the conduct leading to its default was not culpable, the Court need not go any further in order to deny its motion for relief from judgment. Nevertheless, assuming that KeyBank could demonstrate excusable neglect and could state a meritorious defense

to the trustee's claim, the Court still would not grant relief from the judgment given the resulting prejudice which would imbue to the trustee.

The trustee testified that but for the judgment against Society nka KeyBank, the settlement he reached with the Kents could not have gone forward. He further testified that during the settlement negotiations, both he and the Kents were forced to reveal otherwise confidential information to each other. It is his belief that if KeyBank is relieved from the judgment, he would be forced to try this adversary with increased difficulties due to the sharing of this information and that such a trial would thereby present a greater opportunity for collusion.

For all of the foregoing reasons, the Court **DENIES** KeyBank's motions for relief from judgment and for leave to file its answer *instanter*. The Court also **DENIES** the trustee's motion to strike Mr. Ronan's affidavit. While the Court agrees that certain paragraphs in the affidavit were not based on Mr. Ronan's personal knowledge, he testified at the hearing subject to cross-examination by counsel for the trustee and the Kents. Accordingly, the Court considers the trustee's motion to strike to be moot.

**IT IS SO ORDERED.**