Aaron Clinton ATKINS, Petitioner,

v.

Dale FOLTZ, Respondent.

Civ. No. 86–72740.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 20, 2004.

Aaron Clinton Atkins, Freeland, MI, for plaintiff.

Michael Coxz, Michigan Attorney General, Lansing, MI, for defendant.

### MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Petitioner has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). In his petition he alleges that his attorney filed a Petition for Habeas Corpus relief on his behalf without his knowledge or consent. The petition was subsequently denied. Petitioner wishes to have said judgment set

aside so that he may proceed and file a Petition for Habeas Corpus relief on his own behalf. For the reasons set forth below, Petitioner's motion must be DENIED.

## I.

Petitioner's attorney, Edward Bell, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Said Petition was denied and dismissed by Order of this Court dated January 7, 1987. Attorney Bell appealed this Court's Order to the Sixth Circuit Court of Appeals and said appeal was denied in an Order dated August 24, 1988. Petitioner filed for rehearing *in propria persona* which was also denied. A Petition for Writ of Certiorari was filed with the United States Supreme Court and was denied pursuant to an Order entered January 23, 1989.

Petitioner filed the instant motion with this Court on December 12, 2003 seeking relief from this Court's Order of January 7, 1987 pursuant to FRCP 60(b)(6).

## II.

An Order was entered in this case denying Petitioner's Petition for Habeas Corpus relief on January 7, 1987. On December 12, 2003, with more than sixteen years having passed, Petitioner filed a Motion for Relief from Judgment on the basis that his initial Petition for Habeas Corpus Relief was filed by his attorney without his knowledge or consent.

Motions for Relief from Judgment or Order are governed by Fed.R.Civ.P. 60(b). Rule 60(b) states in relevant part that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered

in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within *a reasonable time,* and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to … set aside a judgment for fraud upon the court …. (Emphasis added)

The residual clause in subsection (b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. *Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir.1993). It is properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990).

Fed.R.Civ.P. 60(b) does not prescribe a specific time frame under which motion made pursuant to subsections (4), (5) and (6) must be made. However, Fed.R.Civ.P. 60(b) mandates that such a motion must be made within a reasonable time. The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable re-

lief." *Olle v. Henry & Wright Corp.*, 910 F.2d at 365. The district courts enjoy broad discretion when deciding whether to set aside judgments under Rule 60(b), that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). Such policy favoring finality of judgments necessitates that Rule 60(b) motions be made within a reasonable time.

 Petitioner has brought this motion under the residual clause found in Fed.R.Civ.P. 60(b)(6). As stated, such a motion may be granted only in exceptional and extreme circumstances. Petitioner has failed to establish how his the alleged improper filing by his previous counsel amounts to exceptional or extraordinary circumstances warranting relief from judgment. Further, it should be noted that Petitioner waited for more than 16 years before challenging this Court's Order of January 7, 1987 denying the Petition for Writ of Habeas Corpus filed on his behalf. It is clear from Petitioner's Brief that he had knowledge of the denial of relief and subsequent appeal within a reasonable time after the corresponding orders were issued. Petitioner, however, failed to file a motion objecting to said filing within a reasonable time thereafter. Taking into consideration the facts of this case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief, this Court is not persuaded that the 16 year delay in filing this motion is reasonable.

Based on the fact that Petitioner has failed to set forth exceptional or extraordinary circumstances warranting relief from judgment and that the instant motion was not filed within a reasonable time after entry of the Order Denying Habeas Corpus Relief or within a reasonable time after discovering the alleged facts surrounding the filing the Petition of Habeas Corpus, Petitioner's Motion for Relief from Judgment must be DENIED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) is hereby DENIED.

IT IS SO ORDERED.