318 B.R. 812 (2004)
In re Merritt and Karen CONLEY, Debtors.
Stephen Palmer, Trustee, Plaintiff,
v.
Key Bank USA, National Association, Defendant.
Bankruptcy No. 03-53061, Adversary No. 03-5247.
United States Bankruptcy Court, E.D. Kentucky, Lexington Division.
March 16, 2004.
*813 *814 John M. Simms, Lexington, KY, for plaintiff.
Gregory D. Pavey, Lexington, KY, for defendant.

MEMORANDUM OPINION
WILLIAM S. HOWARD, Bankruptcy Judge.
Introduction
Key Bank, USA, NA ("Key Bank") is before the court on the Motion to Reopen Adversary Proceeding and the Motion to Set Aside Default Judgment that it filed in this adversary proceeding on February 25, 2004. Having considered the motions, the response filed by Stephen Palmer, as trustee (the "Trustee") of the bankruptcy estate of Merritt and Karen Conley (the "Debtors"), and the arguments of counsel, the court has determined that the Motion to Set Aside Default Judgment must be overruled.
Factual and Procedural Background
On November 24, 2003 the Trustee filed the complaint initiating this proceeding, which sought to avoid a mortgage on property of the estate (the Debtors' residence) (the "Property") as a preferential transfer due to its untimely perfection. The complaint also sought to disallow Key Bank's claim as a secured claim and authorization for the Trustee to sell the Property. A summons was issued the next day, and process was served by mail on December 3, 2003. On the date process was mailed, counsel for the Trustee contacted two Key Bank employees by telephone, warning them about the complaint.
Key Bank's attorney has represented to the court that it erroneously retained a California law firm in connection with this proceeding and that that firm filed a proof of claim in the Debtors' Chapter 7 case but did not file an answer or motion to dismiss in response to the complaint. Key Bank later retained a Kentucky lawyer, but there was "some apparent confusion between those two firms as to which should defend the adversary action" and the Kentucky *815 lawyer did not file an answer or motion to dismiss the complaint.
On December 30, 2003 the Trustee filed a motion for a default judgment, a copy of which was served on Key Bank's California attorney. A default judgment was entered on December 31, 2003.
On January 20, 2004 the Trustee filed an Objection to Claim, seeking the disallowance of Key Bank's claim as a secured claim. No response was filed, so the court entered an order sustaining the objection on February 23, 2004. Two days later, Key Bank filed a Motion to Set Aside Order of February 23, 2004 on the ground that its mortgage is not avoidable.
On February 3, 2004 the Trustee filed a motion in the Debtors' bankruptcy case seeking authority to sell the Property. On February 17, 2004 Key Bank filed the only objection to the sale. The objection did not state the grounds for opposition to the motion to sell, so the court will assume that the objection is based on Key Bank's position that its mortgage is not avoidable. The motions presently before the court in this adversary proceeding were filed on February 25, 2004.
Discussion
Key Bank seeks relief from the default judgment under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure. Rule 55(c) authorizes the court to grant relief from an entry of default for "good cause shown." Relief from a default judgment is governed by the stricter standard under Rule 60(b), which requires a showing of one of the six grounds for relief set forth in the rule. Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir.) (citing Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992)), cert. denied, 537 U.S. 883, 123 S.Ct. 105, 154 L.Ed.2d 141 (2002). The burden of proof is on Key Bank: "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993) (citing Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 459 (6th Cir.1986)).
Key Bank relies on the ground for relief set forth in Paragraph (1) of Rule 60(b), i.e., that its default resulted from "excusable neglect." Whether neglect is "excusable" depends on the equities of the case, "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). In the Sixth Circuit, the issues that must be addressed in determining whether to grant relief from an order or judgment under Rule 60(b) are "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." Waifersong, Ltd., 976 F.2d at 292 (citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983)). These are not factors to be weighed: "It is only when the defendant can carry this burden [of demonstrating that the order was the result of mistake, inadvertence, surprise, or excusable neglect] that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of a substantial *816 prejudice to the plaintiff should relief be granted." Id.
While it is a close question, the court finds that Key Bank has satisfied this threshold inquiry. Clearly, the failure to file an answer or motion was within Key Bank's reasonable control. However, the delay was not lengthy (Key Bank seeking relief from the judgment only two months after its answer was due) and did not have a significant impact on judicial proceedings.[1] Furthermore, there is no danger of prejudice to the Trustee (or the Debtors). "Delay alone is not a sufficient basis for establishing prejudice." INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir.1987) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir.1983)). "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir.1990) (citing INVST Fin. Group, Inc., 815 F.2d at 398). The Trustee has made no showing that setting aside the default judgment would impose such prejudice; rather, the issues presented in this proceeding are primarily (if not exclusively) issues of law, as all or substantially all of the pertinent facts may be established by documentary evidence (if not by stipulation).
"Rule 60(b) is to be applied `equitably and liberally' in considering motions to vacate defaults and default judgments. . . . `[T]rials on the merits are favored in federal courts,' and . . . `any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Weiss, 283 F.3d at 794, 795 (citing United Coin Meter Co., 705 F.2d at 845, 846). Considering these principles, the court finds that Key Bank's conduct represents an honest mistake, rather than willful misconduct, carelessness, or negligence, id. at 795, and does not, therefore, constitute "culpable conduct."
Having already considered the lack of prejudice to the Trustee, the court will proceed to the requirement of a meritorious defense. In that regard, the Sixth Circuit has adopted the following standard:
In determining whether a defaulted defendant has a meritorious defense, "[l]ikelihood of success is not the measure' . . . [r]ather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced," United Coin, 705 F.2d at 845, quoting Keegel, 627 F.2d at 374 (emphasis added). The Keegel court also added that such a defense is sufficient if it contains "`even a hint of a suggestion' which, proven at trial, would constitute a complete defense." 627 F.2d at 374. The key consideration is "to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." 10 C. Wright, A. Miller, M. Kane, supra, § 2697 at 531.
INVST Fin. Group, Inc., 815 F.2d at 398-99. Key Bank contends that the timeliness of the transfer should be determined with reference to the date that the loan was funded, rather than the date that the loan and security documents were signed, and that the mortgage was perfected within 20 days after the loan was funded. However, the 20-day "grace period" prescribed *817 by § 547(c)(3) of the Bankruptcy Code, upon which Key Bank relies, applies only to loans made to enable the debtor to acquire the collateral.[2] There is no dispute that the Debtors owned their residence at the time the loan and security documents were signed and at the time that the loan was funded, so § 547(c)(3) is irrelevant to this proceeding.
On the other hand, § 547(e)(2) provides that a transfer perfected within 10 days after it was made relates back to the time that the transfer took effect between the parties but that a transfer not perfected within that 10-day period is deemed made at the time of perfection. An untimely perfected security interest, therefore, constitutes a transfer "for or on account of an antecedent debt." 11 U.S.C. § 547(b)(2). Even if the transfer did not take effect between the parties until the loan was funded, the mortgage was not recorded until 19 days thereafter. Accordingly, the perfection was untimely. See also Ray v. Security Mut. Fin. Corp. (In re Arnett), 731 F.2d 358, 363 (6th Cir.1984) (security interests not perfected within 10 days may not be saved from avoidance by "contemporaneous exchange" exception). Thus, Key Bank's motion does not contain "even a hint of a suggestion which, proven at trial, would constitute a complete defense." The court finds, therefore, that Key Bank has not carried its burden of showing a meritorious defense.
Conclusion
For the foregoing reasons, the court will enter a separate order overruling Key Bank's Motion to Set Aside Default Judgment.[3] The court will also enter separate orders sustaining the Trustee's motion to sell the Property and denying Key Bank's motion to set aside the court's Order of February 23, 2004.
NOTES
[1] The enforceability of the mortgage need not be determined prior to a sale of the Property because the Trustee's motion to sell asks that all liens and encumbrances attach to the sale proceeds. See 11 U.S.C. § 363(f)(4) (property may be sold free and clear of interests that are in bona fide dispute).
[2] Indeed, the 20-day period prescribed by the statute commences to run when the debtor receives possession of the collateral. 11 U.S.C. § 547(c)(3)(B).
[3] The order will also sustain the Motion to Reopen Adversary Proceeding only to the extent necessary for the court to determine the Motion to Set Aside Default Judgment.