IN RE: David Lorenzo VALDIVIA, Debtor.

Mary A. Hauk, Plaintiff,

v.

David Lorenzo Valdivia, Defendant.

Case No. 14–49569
Adv. Pro. No. 14–4753

United States Bankruptcy Court,
E.D. Michigan, Southern Division.

Signed October 5, 2015

Thomas J. Budzynski, Thomas J. Budzynski PC, Clinton Township, Michigan, Attorney for Plaintiff Mary A. Hauk.

Kevin C. Calhoun, Calhoun & Di Ponio, PLC, Southfield, Michigan, Attorney for Defendant David Lorenzo Valdivia.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT, DENYING PLAINTIFF'S REQUEST FOR SANCTIONS, AND CANCELLING HEARING

Thomas J. Tucker, United States Bankruptcy Judge

This adversary proceeding is before the Court on the Defendant's motion entitled "Defendant's Motion for Relief from Judgment of Non–Dischargeable Debt Pursuant to 11 U.S.C. § 105 and F.R.B.P. 7055 and 9024," filed August 31, 2015 (Docket # 21, the "Motion"), which seeks relief from the default judgment entered on September 3, 2014, entitled "Judgment of Non–Dischargeable Debt" (Docket # 7, the "Default Judgment").

The Plaintiff filed a response to the Motion, and the Clerk noticed the Motion for a hearing, to be held on September 30, 2015. The Court did not hold the hearing, however; instead the Court adjourned the hearing, and the adjourned hearing is now scheduled for October 28, 2015. The Court now concludes that a hearing on the Motion is not necessary, and that the Motion must be denied, for the following reasons.

First, the Court finds and concludes that even if the allegations in the Motion show "neglect" (which as stated below they do not), they do not establish *excusable* neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024. *See generally Q Technology v. Allard (In re Trans–Industries, Inc.)*, 2009 WL 1259991 (E.D.Mich., May 1, 2009).

Second, the allegations in the Motion do not establish or demonstrate any other valid ground for relief from the Default Judgment in this case, under any provision of Fed.R.Bankr.P. 60(b), or otherwise.

■ Third, the Motion was not made "within a reasonable time" after entry of the Default Judgment, as required by Fed. R. Civ. P. 60(c)(1). This precludes any relief under any provision of Rule 60(b). The Motion was not filed until *three days short of one year* after entry of the Default Judgment. And it is clear from the Motion and related papers that Defendant was aware of the Default Judgment shortly after it was entered. The Motion does not allege or demonstrate any adequate excuse or valid reason for Defendant's extraordinary delay in filing his motion for relief from the Default Judgment.

■ Fourth, although the Motion alleges "excusable neglect" within the meaning of Fed. R. Civ. P. 60(b)(1), it is clear from the Motion and Defendant's affidavit attached to the Motion that there was no

"neglect" at all in Defendant's failure to timely answer the complaint in this adversary proceeding. Rather, the Motion and Defendant's affidavit show that Defendant was aware of this adversary proceeding, and *made a conscious decision, after consulting with his bankruptcy attorney (Peter A. Behrmann)*, not to file an answer to the adversary proceeding. This was not "neglect" with the meaning of Rule 60(b)(1).

■ Fifth, the Motion does not argue that there was any neglect or mistake by Defendant's counsel in advising Defendant, but if there was, that is attributable to the Defendant, for purposes of determining whether any alleged neglect or mistake was excusable. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " ...
> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397, 113 S.Ct. 1489 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

■ Sixth, the allegations in the Motion do not rise to the level of "fraud, misrepresentation, or misconduct of an opposing party" within the meaning of Fed. R. Civ. P. 60(b)(3). At most, the allegations may be viewed as arguments as to why Defendant contends he has a meritorious defense to present to the Plaintiff's complaint, if he is granted relief from the Default Judgment. But a meritorious defense, standing alone, is not sufficient to establish grounds for relief from judgment. *See, e.g., Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)(holding that the determination of whether to set aside a default judgment under Civil Rule 60(b)(1) requires a three-step analysis: first, the moving party must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect;" and only after this threshold requirement has been satisfied may the Court consider the remaining two steps of the analysis; namely "whether the [moving party] has a meritorious defense," and "whether the [nonmoving party] will be prejudiced" by relief from judgment.).

■ Seventh, the Motion does not demonstrate any basis for relief under Fed. R. Civ. P. 60(b)(6), because the allegations in the Motion do not demonstrate either of the following requirements for relief under Rule 60(b)(6): "extraordinary circumstances suggesting that [Defendant] is faultless in the delay." *See Q Technology*, 2009 WL 1259991, at *6 (citing *Pioneer*, 507 U.S. at 392–93, 113 S.Ct. 1489). There are no such "extraordinary circumstances," and Defendant is not "faultless in the delay."

■ Eighth, Defendant's allegation that he did not personally receive the summons and complaint in the mail does not demonstrate, without more, that the Default Judgment is "void" within the meaning of Fed. R. Civ. P. 60(b)(4). The record

shows, and the Motion does not dispute, that the summons and complaint were timely and properly mailed to both Defendant and his bankruptcy attorney Peter Behrmann by first class mail on July 25, 2014 (See Docket # 4). This satisfied the requirements of due process, and the Default Judgment clearly is not "void" within the meaning of Fed. R. Civ. P. 60(b)(4). *See United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 130 S.Ct. 1367, 1377–78, 176 L.Ed.2d 158 (2010).[1] And Defendant admits in his affidavit that he discussed the adversary proceeding with his bankruptcy attorney, Peter Behrmann, before deciding not to file an answer.

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 21) is denied

IT IS FURTHER ORDERED that the hearing on the Motion, currently scheduled for October 28, 2015 is cancelled, as unnecessary.

IT IS FURTHER ORDERED that, in the exercise of the Court's discretion, the Plaintiff's request for monetary sanctions against Defendant and his counsel, under Fed.R.Bankr.P. 9011, 28 U.S.C. § 1927, and/or any other authority, is denied.

---

1. Nor is the Default Judgment "void" under Rule 60(b)(4) on the alternate ground that this Court lacked subject matter jurisdiction. Under *Espinosa,* this alternate ground for asserting that a judgment is "void" requires a showing that this Court "lacked even an 'arguable basis' for jurisdiction." *Espinosa,* 130 S.Ct. at 1377 (citations omitted). Defendant may be arguing such a theory of voidness, in arguing that Plaintiff lacked standing. But such standing argument is without merit, and in any event it certainly falls short of the required showing that when this Court entered the Default Judgment it "lacked even an arguable basis for jurisdiction."