IN RE: Scott W. RYE and Marianne J. Rye, Debtors.

**Dawn Johnson, Plaintiff,**

v.

**Scott W. Rye and Marianne J. Rye, Defendants.**

**Case No. 16–90013**
**Adversary Pro. No. 16–99004**

United States Bankruptcy Court,
W.D. Michigan.

Signed November 18, 2016

11, 2016 (0.1 hours); March 22, 2016 (0.1 hours); and April 11, 2016 (2.3 hours).

David E. Bulson, David E Bulson, LLC,
Sault Ste. Marie, MI, for Plaintiff.

Timothy C. Quinnell, Osstyn, Ferns &
Quinnell LLP, Marquette, MI, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SCOTT W. DALES, United States
Bankruptcy Judge

Fighting about the entry of default with
defendants who, despite missteps, clearly
intend to oppose a complaint is usually a
fruitless undertaking, given the strong
preference of the federal courts to decide
cases on the merits. This matter is no
different.

Plaintiff Dawn Johnson filed and served
a four-count complaint against chapter 7
debtors Scott and Marianne Rye premised
on allegations that the Ryes (i) misappropriated funds that Ms. Johnson paid them
to rebuild her home after a fire, and (ii)
concealed, destroyed, or failed to keep records that would permit creditors to understand their financial condition. For the
first category of allegations, Ms. Johnson's
complaint seeks a non-dischargeable money judgment under 11 U.S.C. § 523(a),[1]

---

**1.** Unless otherwise indicated, statutes identi-  fied by section number refer to specific sec-

and for the second, she seeks an order denying the Ryes a discharge altogether, under § 727(a)(3).

Shortly after Ms. Johnson's counsel served the complaint on the Ryes, they contacted their lawyer, Dane Bayes, Esq., to prepare their answer to the allegations. Nevertheless, the deadline for answering the complaint passed without a response from the Ryes, and the Clerk noted their default under Fed. R. Civ. P. 55(a). The following month, Ms. Johnson filed Plaintiff's Motion for Entry of Order of Non–Dischargeability of Debt and to Enter Default Judgment (the "Default Judgment Motion," ECF No. 8), with supporting affidavit.[2]

The court scheduled a hearing on the Default Judgment Motion, which evidently prompted the Ryes to file an untimely *pro se* answer, including an explanation that they did not answer the complaint because they assumed their attorney would respond, despite his hospitalization and recuperation following a serious car accident.

When the Ryes appeared at the initial hearing on the Default Judgment Motion, the court explained that they would have to make a motion to set aside the entry of default under Fed. R. Civ. P. 55(c), establishing that the default was not the product of their culpable conduct, that Ms. Johnson would not be prejudiced by setting aside the default, and that they had a meritorious defense to the complaint. The court referred the parties to the Sixth Circuit's oft-cited decision in *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983), and adjourned the hearing on Ms. Johnson's motion, conditioned on the Ryes' payment of $300.00 to Ms. Johnson's counsel for the cost of his appearance at the initial hearing.

At the adjourned hearing, the court learned that the Ryes had remitted the funds as ordered, and had retained counsel who filed a corrected Motion to Set Aside the Default under Fed. R. Civ. P. 55(c) (the "Rule 55(c) Motion," ECF No. 21). The court again adjourned the hearing, this time to give Ms. Johnson an opportunity to respond to the Rule 55(c) Motion. After Ms. Johnson filed a brief opposing the Rule 55(c) Motion, the court held a hearing in Marquette, Michigan, on November 2, 2016, to consider the Default Judgment Motion[3] and the Rule 55(c) Motion.

Under our rules, a court may set aside a default for "good cause." Fed. R. Civ. P. 55(c) (applicable to this adversary proceeding under Fed. R. Bankr. P. 7055). Courts in our Circuit are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Fleet Engineers, Inc. v. Mudguard Technologies, LLC*, Slip Op., No. 1:12–CV–1143, 2014 WL 12465464 (W.D. Mich. July 11, 2014) (citations omitted).

To find "good cause" under Rule 55(c) the court must consider (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff would be prejudiced by setting aside the default. *United Coin,*

---

tions of the Bankruptcy Code, Title 11, United States Code.

**2.** Through this motion, Ms. Johnson only sought relief on the first two counts of her complaint, under § 523(a)(2)(A) and (a)(4); she did not ask for judgment under §§ 523(a)(6) or 727(a)(3).

**3.** During the hearing, Ms. Johnson's counsel elected to postpone any argument on the Default Judgment Motion until after the court ruled on the Rule 55(c) Motion, reasoning that an order granting the latter would moot the former.

705 F.2d at 845; *see also United States v. $22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).[4]

■ The Rule 55(c) Motion amply demonstrates that the Ryes' failure to answer the complaint was not the product of their culpable conduct, but rather the unfortunate result of their counsel's personal difficulties following his car accident, hospitalization, and recuperation. The e-mails attached to their *pro se* answer and the Rule 55(c) Motion show that, within days of being served with process, they contacted Mr. Bayes about their response, and he assured them he would handle it. As time passed, the correspondence shows increasing frustration with his failure to answer the complaint or move to set aside the default, and their persistent efforts to find alternative counsel, despite his assurance, at least initially, that he would take care of them.

In response to the Default Judgment Motion, they endeavored to file an answer, obviously late, but nevertheless explaining their failure to answer in time, and challenging Ms. Johnson's version of events. The Ryes' version of the story differs dramatically from Ms. Johnson's, and qualifies as a meritorious defense. They admit receipt of the funds, as Ms. Johnson alleges, but explain that the building project ran into immediate roadblocks because, unbeknownst to them when they accepted the job, Ms. Johnson's residence was in a one-hundred year flood plain. They describe their efforts to address the problem, showing that at least some of the building contract fund was applied to the project.

The court notes the argument of Ms. Johnson's counsel that the Ryes' proposed answer and Rule 55(c) Motion together establish liability under, not a defense to,

the complaint. This is a fair reading, as the Ryes' current counsel candidly admitted during the hearing on November 2, 2016. Nevertheless, although the Ryes may not have a defense to liability under the Michigan Building Contract Fund Act (M.C.L. § 570.151 *et seq.*, the "MBCFA"), they clearly offer a defense to the damages. Given the liberality almost universally expressed in the Rule 55(c) cases the court has reviewed in connection with this dispute, the court is satisfied that the Ryes have a meritorious defense, at least to the § 523 counts at issue in the Default Judgment Motion. A defense addressing the measure of damages is nevertheless a defense to the complaint.

Although Ms. Johnson's counsel correctly argues that the Rule 55(c) Motion does not expressly offer any defense to the fourth count of the complaint under § 727(a)(3), the defense is implicit in the records attached to the Rule 55(c) Motion, as well as the statements of their counsel in response to the questions the court posed during the hearing. Again, given the court's predilection for reaching the merits, the Ryes have offered a meritorious defense to the complaint.

Finally, in part because of the Ryes' candor in admitting liability under the MBCFA—a concession that will assist Ms. Johnson considerably in establishing her case—the court is satisfied that setting aside the default will not prejudice the Plaintiff. More specifically, counsel's concerns about the Ryes' character and their supposedly "deceitful and evasive responses" catalogued in the opposing brief may be addressed at trial, but do not persuade the court that setting aside the default will itself prejudice Ms. Johnson. Moreover,

---

4. The court acknowledges that a different, and stricter, standard applies to setting aside a default judgment rather than the entry of default. *See* Fed. R. Civ. P. 55(c) (referring to Fed. R. Civ. P. 60 when the default ripens into a judgment); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

the involvement of Mr. Quinnell will go a long way towards ensuring that the Ryes comply with their obligations in connection with this proceeding.

■ The court's decision to set aside the entry of default forecloses entry of default judgment, as Ms. Johnson's counsel suggested during the hearing. And, because Ms. Johnson only moved for judgment on part of her complaint (*i.e.*, two of her three counts under § 523(a)), the court would have denied the motion under the single judgment rule in any event. *See* Fed. R. Civ. P. 54(b).[5] The court, therefore, will deny the Default Judgment Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Rule 55(c) Motion (ECF No. 21) is GRANTED and the Default Judgment Motion (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Ryes shall file a response to the complaint within 14 days after entry of this Memorandum of Decision and Order, and the court will thereafter schedule a pretrial conference in the usual manner.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon David E. Bulson, Esq. and Timothy C. Quinnell, Esq.

**IT IS SO ORDERED.**

---

**5.** A plaintiff who brings a case under § 727 cannot simply or unilaterally dismiss its challenge to a debtor's discharge given the possible effect of such relief on non-parties. *See* Fed. R. Bankr. P. 7041.