RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NOEL CUMMINGS,

          *Plaintiff-Appellant*,

    *v.*

GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY;
MICHAEL YORK; FELICIA BROOKS-WILLIAMS; BRUCE
E. HAMPTON; JOSEPH CALABRESE,

          *Defendants-Appellees*.

No. 16-4229

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:14-cv-01729—James S. Gwin, District Judge.

Decided and Filed:  August 3, 2017

SUTTON, McKEAGUE, and THAPAR, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  Lawrence Mays, Cleveland, Ohio, Robert Smith III, Cleveland, Ohio, for Appellant.  Kathleen M. Minahan, GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, Cleveland, Ohio, for Appellees.

---

## OPINION

---

SUTTON, Circuit Judge.  Noel Cummings settled her claims with her former employer, the Greater Cleveland Regional Transit Authority.  A year and a half later, she sought to undo the settlement because it did not provide some of the benefits she thought it would.  The district court rejected her motion to vacate as time barred.  We agree and affirm.

Cummings spent twenty seven and a half years working for the Greater Cleveland Regional Transit Authority.  During that time, she alleges, the Authority paid her less than her male colleagues and refused to promote her when she complained about the disparity.  Unable to resolve her grievances, she filed a lawsuit claiming employment discrimination, First Amendment retaliation, and violations of the Equal Protection Clause.

After several back-and-forth discussions, the parties brokered a settlement on February 4, 2015.  As part of the bargain, the Authority agreed to pay Cummings $45,000 and to suspend her for a six-month period at a pay rate of $600 per month.  For the following year and a half, the Transit Authority would allow Cummings to exhaust her paid leave at her regular salary.  Then, if Cummings had not obtained other public sector employment with corresponding state retirement benefits, the Authority would again place her on a six-month suspension at the same $600 monthly rate through January 31, 2017, or the first date she became eligible to retire with thirty years of retirement service credit, whichever came first.  In exchange, Cummings agreed to waive all rights to reinstatement or reemployment and to release the Authority from "any and all claims . . . arising out of or related in any way to her employment."  R. 61-4 at 3.

All's well that ends well, it seemed.  But on July 15, 2016, Cummings asked the Ohio Public Employees Retirement System for a calculation of her retirement service credit under the settlement agreement.  The state pension system told her that she would not accumulate additional retirement credit under the settlement because the payments did not count as "earnable salary" under Ohio law.  On that basis, Cummings returned to the district court that entered the settlement agreement and asked to vacate the judgment and reinstate her complaint.  The court rejected her motion as time barred under Civil Rule 60(b)(1), which permits motions to vacate a judgment in the event of "mistake, inadvertence, surprise, or excusable neglect" filed within one year of the judgment.  Cummings appealed.

In seeking to undo this final judgment, Cummings faces a steep uphill climb.  There is a deeply embedded judicial and legislative policy in favor of keeping final judgments final. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  That is especially true for settlement agreements.  A settlor's remorse cannot alone justify abandoning such judgments.  Else, the key

virtue of settling cases—letting the parties move on after they each get some of what they want—would be lost.

Rule 60(b) offers an exception to these principles. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007). It provides six discrete paths for undoing a final judgment. Only four have any potential relevance here: 60(b)(1)—"mistake, inadvertence, surprise, or excusable neglect"; 60(b)(3)—"fraud . . . , misrepresentation, or misconduct by an opposing party"; 60(b)(5)—where "applying [the judgment] prospectively is no longer equitable"; and 60(b)(6)— "any other reason that justifies relief." Fed R. Civ. P. 60(b). A motion under Rule 60(b)(1) or (3) must be "made no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1). Rule 60(b)(5) and (6) motions are more forgiving. They may be filed "within a reasonable time." *Id.*

The district court properly concluded that Cummings' motion fits most naturally under Rule 60(b)(1) because at bottom it alleges a mistake. According to Cummings, she agreed to settle her case only in order to obtain thirty years of retirement service with the Authority. But that assumption, as we now know, was premised on her (or her lawyer's) mistake about the interpretation of the State's retirement law. Because Cummings filed her motion more than a year after the court entered judgment in her case, the district court properly dismissed the motion as late.

Matters do not improve if we shift our gaze to Rule 60(b)(3). Cummings separately alleges that the Authority knew that the payments would not constitute "earnable salary" at the time of the settlement negotiations. Yet if that allegation is true, that takes us to (b)(3), which covers "fraud . . . , misrepresentation, or misconduct by an opposing party." *Id.* 60(b)(3). Rule 60(b)(3) motions, like Rule 60(b)(1) motions, must be made within one year of judgment. Same conclusion, regrettably for her.

That leaves Cummings' effort to obtain relief under Rule 60(b)(5) or (6). Those motions, it is true, give her more time—a "reasonable" amount of time—a requirement she could meet here. But that potential benefit does not allow her to escape the true nature of her claims. Cummings' only arguments—even those purporting to show the inequity of applying the

settlement today—rest on misrepresentation and mistake.  The one-year limitation period for Rule 60(b)(1) and (3) motions would mean little if advocates could sidestep it whenever they wished by attaching a Rule 60(b)(5) or (6) label to the motion.

Even on its own terms, as it happens, her motion fails under Rule 60(b)(5) and (6).  Rule 60(b)(5) provides for vacatur "when the party seeking relief . . . can show 'a significant change either in factual conditions or in law.'"  *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quotation omitted).  Cummings shows neither.  She does not argue a change in law or fact.  She argues that she failed to apprehend the consequences of existing law at the time of the settlement.  That's a Rule 60(b)(1) problem, not a Rule 60(b)(5) problem.  No more helpful is Rule 60(b)(6).  It covers "any *other* reason that justifies relief."  Cummings has offered no other reason.  She grounds her motion in the very things covered by the preceding prongs of Rule 60(b), namely prongs (1) and (3).  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  Even if we construed Cummings' motion as a Rule 60(b)(5) or (6) motion, it would be a losing one.

Cummings last of all points out that the district court retained jurisdiction over the case to "resolve disputes concerning the memorialization of this settlement agreement" under *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  R. 43.  True enough.  But that reality offers no sanctuary.  *Kokkonen* addresses the circumstances under which the district court retains ongoing jurisdiction to *enforce* a settlement.  511 U.S. at 378.  Cummings does not seek to enforce this settlement agreement.  Just the opposite:  She seeks to vacate it.  That sort of relief, as *Kokkonen* itself reminds us, finds its roots in Rule 60(b) vacatur, not any general jurisdiction to oversee, much less uproot, the terms of a settlement.  *Id.*

For these reasons, we affirm.