Calvin **BERTHELSEN,**
**Plaintiff–Appellee,**

v.

Maurice **KANE, Defendant–Appellant.**

Nos. 89–2281, 89–2353.

United States Court of Appeals,
Sixth Circuit.

Argued April 30, 1990.

Decided July 6, 1990.

Order on Denial of Rehearing
Sept. 10, 1990.

---

Sheryl A. Laughren (argued), Barbara Urlaub, Berry, Moorman, King, Cook & Hudson, Detroit, Mich., for plaintiff-appellee.

William W. Webb (argued), Birmingham, Mich., for defendant-appellant.

Before GUY and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Defendant, Maurice Kane, appeals from the entry of both a default and a default judgment by the district court in favor of plaintiff, Calvin Berthelsen. Default was entered because of the defendant's failure to respond to service of process in a timely manner. On appeal, the defendant argues: (1) the entry of default should be vacated when service allegedly was accomplished on the defendant's wife, who had been dead for three years, and when the defendant did not learn of the action until after entry of default; (2) the plaintiff failed to demonstrate that the person allegedly served was residing within the defendant's residence within the meaning of Fed.R.Civ.P. 4(d)(1); (3) the defendant has a meritorious defense to the plaintiff's claim, because the alleged damages are based on an unenforceable statement of intent; and (4) the district court should have granted a jury trial on the issue of damages. Because we find that the district court failed to employ the proper analysis before entering the default, we reverse the judgment of the district court and remand for a trial on the merits.

I.

This lawsuit is the third to arise out of a series of business dealings and agreements between the defendant and the plaintiff regarding the ownership of the stock of Mountain Gas Company. Berthelsen and Kane entered into a number of agreements providing for the transfer of ownership of the stock to Kane. In April 1986, the parties signed a "Statement of Intent," in which they stated their intentions to live up to all agreements and extensions previously executed in relation to Mountain Gas Company, and they further agreed as follows:

1. That each party hereto will use their best efforts to see that the agreements and all extensions thereto shall be fulfilled by the parties thereto. The parties hereto specifically agree that it is in the best interest of all parties to have

those agreements fulfilled with the payment of said sums of money called for under the agreements and extensions thereto by the various parties involved.

2. That in the event no extension or extensions are granted to said extension agreement or other agreements executed by the various parties in relationship to Mountain Gas Company then it is the intentions of Kane and Berthelsen to negotiate an agreement for the operation of said company.

3. In the event that all payments as called for under any agreements or extensions thereto executed by various parties, including the parties to this Statement of Intent, are not made, and Kane thereby becomes the owner of all the stock of Mountain Gas Company, then in said event, Kane hereby agrees to transfer to Berthelsen a percentage of said stock equal to the amount of Berthelsen's debt in the company against the total value of Berthelsen's debt plus Kane's investment and debt therein. Any transfer of said stock shall be in conjunction ·with a detailed agreement for operation of said company.

The payments required by the agreements have not been made, nor have the contracts been fulfilled. These failures spawned the litigation between the plaintiff and the defendant. In the first action, originally filed in federal district court in Kentucky and later transferred to the Eastern District of Michigan, the plaintiff's brother sued Kane, and Kane countersued against both the plaintiff and his brother for recovery on a $500,000.00 promissory note. The second case mirrors Kane's counterclaim against the Berthelsens in the first case, and both cases are still pending before Judge Hackett of the Eastern District of Michigan.

The complaint that led to the judgment now on review was filed by the plaintiff, Calvin Berthelsen, on March 31, 1989. He named Kane, Mountain Gas Company, and 3D Coal Company of Michigan as defendants,[1] and he alleged breach of contract by the defendants as to the April 1986 "Statement of Intent."

In April, the plaintiff attempted to serve the defendant with motions for preliminary injunctions in both the instant case and its companion case by mailing these papers to Kane's attorney, William Webb. Mr. Webb informed counsel for the plaintiff that he had not been retained in the instant suit, and that he would have to serve Kane personally. On May 2, 1989, Mr. Webb and counsel for plaintiff attended a status conference in Judge Hackett's chambers to discuss one of the companion cases. At this conference, the judge instructed the plaintiff's attorney to serve Kane personally in the instant suit.

The complaint was never served on Kane personally, although the plaintiff hired a process server who, on May 2, 1989, left a copy of the summons and complaint at the defendant's residence with a woman who identified herself as Mrs. Kane. Kane maintains that he never received the papers that were left at his home that day. Moreover, the person who accepted service of process could not have been the defendant's wife, as she has been deceased for over three years.

The district judge concluded that the defendant was willfully evading service of process, and there is ample evidence to support her conclusion. At a hearing on defendant's motion to set aside the entry of default, the process server testified that he had been unable to find Kane either at home or at work, and that he had been given contradictory statements as to Kane's whereabouts. For example, he was told by persons at Kane's place of business that he was out of town. When he went to the defendant's home, the woman who answered the door said that Kane was at work. These statements led the process server to believe he was being evaded, and he left the papers with the person who identified herself as Mrs. Kane, pursuant to Fed.R.Civ.P. 4(d)(1).[2]

---

1. Kane is the sole shareholder of both corporate defendants, and their alleged liability was based on an alter-ego theory. The companies were dismissed out of the suit because they were not properly served with process.

2. Fed.R.Civ.P. 4(d)(1) reads:

   **(d) Summons and Complaint: Person to be Served.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

   (1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

On May 31, 1989, default was entered due to the defendant's failure to respond to service of process. On June 16, 1989, Mr. Webb informed the plaintiff's attorney that he had been retained in this matter and that he could accept service of process. The plaintiff mailed a copy of the clerk's entry of default to Mr. Webb on June 21, 1989. On June 29, 1989, Mr. Webb entered his appearance on behalf of the defendant. A motion to set aside the entry of default was filed with the court on July 3.

The district court conducted a hearing on the defendant's motion in August 1989, at which time it heard the testimony of both the defendant and the process server. The court concluded that the defendant's testimony was not credible and that he had attempted to evade service of process. The court further concluded that the defendant was a sophisticated man and that he had actual knowledge of the lawsuit, and it denied his motion to set aside the entry of default.

The defendant then attempted to appeal to the Sixth Circuit from the court's entry of default, but this court declined jurisdiction on the grounds that an entry of default is not a final judgment.

The plaintiff moved for entry of a default judgment, and the defendant filed opposing papers. The district court entered a default judgment against the defendant in the amount of $1,184,311.64. No hearing was conducted to determine the amount of damages and the only evidence admitted on this issue was the plaintiff's affidavit. This appeal followed.

## II.

■■■ Trials on the merits are favored in the federal courts, and "a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United Coin Meter v. Seaboard Coastline Railroad,* 705 F.2d 839 (6th Cir.1983) (quoting *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 373–74 (D.C.Cir.1980)). In this appeal, the defendant challenges both the entry of default and the default judgment. Although the default was reduced to a final judgment, we will apply the standards for setting aside entry of default, as the defendant was denied leave to appeal from the entry of default. The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of de-

fault. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c). *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986). As this court held in *United Coin,* courts are required to weigh three factors. First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default. *United Coin,* 705 F.2d at 845.

The district judge in this case conducted a hearing on the defendant's motion to set aside the entry of default, but she held no hearing on the defendant's subsequent challenges to the plaintiff's motion for entry of default judgment. In neither instance did the district judge go through the requisite analysis set forth above. Instead, she considered only the third factor. She was persuaded that the defendant consciously and wilfully evaded service of process, and she entered the default against the defendant for his failure to defend the action. We will employ the *United Coin* standards in our review of the district court's actions to determine whether its conclusions were proper.

■■■ As stated above, our first task is to determine whether the plaintiff will be prejudiced by the reopening of the judgment. The plaintiff maintains that he has already been prejudiced by the defendant's delay. In his complaint, he prayed for specific performance of the April 1986 "Statement of Intent" or for monetary damages. According to the plaintiff, specific performance is now impossible because the defendant's sale of the assets of Mountain Gas Company has rendered the stock of the company worthless. In addition, the plaintiff refutes the defendant's contention that the $1,000,000.00 paid by the defendant for the stock precludes any prejudice to the plaintiff. This money was paid to the plaintiff's brother, and that transaction was completed before the contract now in question was executed.

Despite the fact that the plaintiff's account of the facts differs from the defendant's, none of the above statements dem-

onstrates how the plaintiff would be prejudiced by the reopening of the judgment. It is true that the plaintiff will suffer some delay in his recovery if a trial on the merits is held, but " 'delay alone is not a sufficient basis for establishing prejudice.' " *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983)). To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *INVST Financial Group*, 815 F.2d at 398. The plaintiff has failed to show how any of the above forms of prejudice would result from the reopening of this judgment. A series of motions that occurred after the default judgment was entered does indicate that the plaintiff may have difficulty in collecting his judgment. For example, the defendant moved for a stay pending appeal, which was denied. In the alternative, he offered to post a supersedeas bond in the amount of the judgment. This offer was declined because a bond in the precise amount of the judgment would not cover post-judgment interest. No explanation is given by either the plaintiff or the defendant for why the defendant has not posted a bond in the amount of one and one-quarter of the judgment, as the district judge requested. We also note that the plaintiff sought a writ of garnishment against the defendant's assets. Although these facts hint that the defendant may be in some financial trouble, the relative financial health of each of the parties is not explained anywhere in the record or the briefs. As a matter of fact, the plaintiff makes no mention at all of the above facts in his brief. Without any demonstration by the plaintiff how the above events, or any other facts, support his claim of prejudice, we cannot conclude that the reopening of this case would harm his interests.

**3.** Relying on the recent Supreme Court case of *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), the defendant argues that it is an unconstitutional denial of due process to require the defendant to present a meritorious defense to mount a successful challenge to a default judgment. The defendant fails to recognize the precise nature of the Court's holding in *Peralta*. In *Peralta*, a default judgment was entered against the defendant without *any* notice or service of process. The Court held that the requirement under Tex-

The second prong of our analysis requires us to examine whether the defendant has a meritorious defense to the suit.[3] At this point, we must resolve all ambiguous or disputed facts in the light most favorable to the defendant. *INVST Financial Group*, 815 F.2d at 398. Our task at this level is a difficult one, however, because the district court failed to set forth its findings on this issue, and the briefs of the parties shed little additional light.

The defendant claims that the "Statement of Intent" is not an enforceable contract but, rather, was an agreement to agree. According to the defendant, the document merely confirmed certain intentions of the parties: that each party would use his best efforts to fulfill previously signed option agreements, to negotiate an agreement in the future for the operation of Mountain Gas, and that a stock transfer would take place in case certain payments were not made. The stock transfer was to be in conjunction with reaching a detailed agreement for the operation of Mountain Gas. Although the payments to which the document refers were not made, no detailed agreement for the operation of the company was ever reached.

The plaintiff maintains that the "Statement of Intent" was a binding contract and that the defendant was in material breach. The plaintiff claims that the defendant's deposition testimony establishes both that the document was a contract and that Kane breached it voluntarily. But a careful reading of Kane's deposition testimony provides strong support for this court's conclusion: that the precise nature of the parties' respective obligations is quite unclear, and it is impossible to reach a conclusion on this record whether the "Statement of Intent" constituted a binding contract. Resolving the ambiguous evidence in favor of the defendant, he has stated a meritorious defense. Likelihood of success on the merits is not the measure of whether the defen-

as law that a meritorious defense be presented was unconstitutional in such a case, because the entry of a judgment without notice or service of process contravenes the due process clause. In this case, by contrast, the defendant did receive notice that the suit was pending, and he has entered an appearance and opposition to the plaintiff's motions. The requirement that the defendant demonstrate a meritorious defense in this case does not constitute a denial of his due process rights.

dant presents a meritorious defense. If he "states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F.2d at 845. If the "Statement of Intent" is not a binding contract, or if certain conditions precedent to the defendant's obligation to pay have not been fulfilled, then Kane could prevail on the merits. Before such a determination may be made, however, the district court must hear evidence on the overall obligations and intentions of the parties, and the court must set forth the appropriate law governing their transactions. Only then will it be possible to conclude whether the merits favor the plaintiff or the defendant.

■ Our analysis brings us at last to the question of the defendant's culpability. We agree with the district court's conclusion that the defendant actively evaded service of process, and we find the defendant culpable in this regard. The conclusions reached by the district court after hearing the testimony of the defendant and the professional process server are sound, and we decline to disturb the court's credibility findings.

The defendant maintains that the entry of default should be set aside because the process that allegedly was effected on his wife could not have occurred, since she is deceased. He also maintains that the plaintiff should have been required to prove that whomever, if anyone, accepted the papers at his home actually resided there. The defendant misapprehends his responsibility at this point. The plaintiff is not responsible for proving that the papers were served upon a resident of his home. Instead, the defendant should have made some effort to explain the events about which the process server testified, and his failure to do so undermines his credibility. The defendant is a sophisticated businessman, and we adopt the conclusions of the district court that he must have had actual notice of this lawsuit, as several papers were served upon his attorney, Mr. Webb. The evidence supports the district court's conclusion that he evaded service of process, and his culpability contributed to the entry of default.

Notwithstanding the defendant's culpable behavior, we conclude that the entry of default and the default judgment must be set aside. As we stated at the beginning of our analysis, the defendant's culpability is only one of three factors which the court must consider when determining whether

good cause exists to set aside the entry of default. Although we certainly do not condone the actions of the defendant, the plaintiff has failed to demonstrate that he will be prejudiced by the reopening of this case, and the defendant has shown that he has a meritorious defense to the suit. We reverse the judgment of the district court, and we remand this case to the district court for the vacation of the judgment and for a trial on the merits.

Because of the manner in which we dispose of this case, we need not reach the defendant's final issue, which is whether the district court should have ordered a jury trial on the issue of damages.

REVERSED AND REMANDED.

## ON PETITION FOR REHEARING

Sept. 10, 1990.

Plaintiff–Appellee, Calvin Berthelsen, has petitioned this court for a rehearing. The petition for rehearing is really a request for a clarification of this court's earlier opinion. Specifically, Berthelsen seeks to determine whether it was the intention of this court to order that the costs incurred by defendant-appellant, Maurice Kane, in securing a supersedeas bond are now taxable against the plaintiff-appellee.

Rule 39(a) of the Federal Rules of Appellate Procedure provides as follows:

**Costs**

**(a) To Whom Allowed.** Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

Since the default judgment previously entered in the district court was *vacated* by this court pursuant to the provisions of Rule 39(a) costs are allowed only as ordered by the court. The logic behind this rule is obvious. Although the defendant-appellant prevailed in this court in the sense that the default judgment previously granted against him was vacated, he has not as yet prevailed on the merits. In the

event that he should fail to prevail on the merits, then the appeal merely would have resulted in a further delay of the judgment to which the plaintiff was rightfully entitled. For that reason, Federal Rule of Appellate Procedure 39(e) provides:

> **(e) Costs on Appeal Taxable in the District Courts.** Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

Pursuant to the provisions of Rule 39(e), the district court is free to determine whether the premium paid on the supersedeas bond should be taxed as costs after there has been a determination on the merits of this case.

The petition for rehearing is DENIED, and this order shall serve as a clarification of this court's earlier opinion which vacated the default judgment granted against the defendant.