972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re FAMILY RESORTS OF AMERICA, INC., Debtor.
David MONEA, Dennis Eberhardt, Plaintiffs-Appellants,
v.
Philip ZIMMERMAN, Trustee, Defendant-Appellee.
 No. 91-4127.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises out of an adversary bankruptcy proceeding initiated by the Chapter 11 trustee, Philip Zimmerman, against various individuals based upon an alleged pyramid sales scheme. The bankruptcy court entered a default judgment against the defendants, including appellants David Monea and Dennis Eberhardt[1], as a sanction for failing to comply with the court's discovery orders. For the reasons stated below, we affirm the entry of default judgment.
 
 
 2
 * The facts in this case are undisputed. On July 20, 1989, the trustee instituted adversary bankruptcy proceedings against numerous defendants. Among these defendants were David Monea, Dennis Eberhardt, and Robert Maresh. The trustee requested five million dollars in damages arising from an alleged fraudulent pyramid sales scheme.
 
 
 3
 On August 24, 1989, the defendants moved for an extension of time to answer the Complaint which the bankruptcy court granted. All defendants thereafter filed an Answer to the Complaint on September 5, 1989.
 
 
 4
 The trustee served Interrogatories and Requests for Production of Documents on Eberhardt on October 30, 1989, and on Monea on November 19, 1989. On November 29, 1989, Monea and other defendants not part of this appeal filed a Motion for Stay and Protective Order. The defendants alleged that they could not comply with the trustee's discovery request because some of the requested documents were subject to a grand jury subpoena ducus tecum. That same day, Eberhardt's attorneys withdrew as his counsel and the bankruptcy court granted him until December 29, 1989 to respond to the pending discovery request.
 
 
 5
 The trustee filed an amended Complaint on February 1, 1990, adding a turnover count against several defendants, including Monea. Monea filed a motion for extension of time until February 28, 1990, to answer the amended complaint which was granted. On February 15, 1990, Monea's counsel filed a motion to withdraw, citing lack of cooperation as the reason. This motion was granted on March 7, 1990. Prior to this, on February 28, 1990, Monea filed another extension of time to answer the amended complaint. The bankruptcy court granted him until April 3, 1990 to answer the amended complaint, and also gave him until March 20, 1990 to retain new counsel.
 
 
 6
 On February 21, 1990, the trustee had filed a motion to compel discovery, based upon the requests made on October 30 and November 19, 1989. On March 12, 1990, the bankruptcy court ordered Monea to comply with the discovery requests by April 20, 1990. No responses were received on this date. In light of this, the bankruptcy court on April 30, 1990 issued an order for the defendants to appear and show cause why sanctions, including judgment by default, should not be entered against them.
 
 
 7
 The bankruptcy court held a hearing on the show cause order on May 14, 1990. The court granted yet another extension of time, until May 21, 1990, for Monea; and May 31, 1990, for Eberhardt; to respond to the outstanding discovery requests. The court also clearly stated that default judgment would be granted if the defendants failed to comply.
 
 
 8
 On May 21, 1990, Monea filed answers to the amended complaint and handwritten responses to the interrogatories. On May 31, 1990, Eberhardt similarly filed handwritten responses to the interrogatories. Neither Monea nor Eberhardt ever served answers to the interrogatories upon the trustee. Nor did either defendant ever respond to the request for production of documents.
 
 
 9
 On June 8, 1990, the trustee filed a motion for entry of default judgment against the defendants as a sanction for their failure to comply with the discovery requests. The bankruptcy court conducted a hearing on the trustee's motion, and on July 5, 1990, issued an order granting the requested relief, imposing liability in the amount of $5,000,000.
 
 
 10
 Defendants thereafter filed motions for reconsideration of the bankruptcy court's July 5, 1990 order. While these motions were pending, defendants appealed to the district court. On August 14, 1990, the bankruptcy court granted in part and denied in part the motions for reconsideration, which the court construed as motions for relief from judgment under Fed.R.Civ.P. 60(b)(1). The bankruptcy court denied the motions on the issue of liability, but granted the requested relief on the issue of damages, holding that the trustee was still obligated to prove damages. The district court determined that the August 14, 1990 order was not subject to review on appeal. As to the issue of liability, the district court upheld the entry of default judgment. Eberhardt and Monea now appeal the issue of liability to this court.
 
 II
 
 11
 * Bankruptcy Rule 7037 provides that "Rule 37 Fed.R.Civ.P. applies in adversary proceedings." The relevant portion of Rule 37 provides as follows:
 
 
 12
 (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 
 
 13
 * * *
 
 
 14
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party:
 
 
 15
 Fed.R.Civ.P. 37(b)(2)(C).
 
 
 16
 It is well-established that we review a dismissal order under this rule only for an abuse of discretion. Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). The same standard applies to review of a default judgment. M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir.1987). In making this determination, the reviewing court must consider five factors when reviewing a lower court's sanction decision under Rule 37:
 
 
 17
 1) whether the sanctioned party was unable to comply with the discovery order(s);
 
 
 18
 2) whether the sanctioned party's failure to cooperate in discovery amounts to willfulness, bad faith, or fault;
 
 
 19
 3) whether the adversary was prejudiced by the sanctioned party's failure to cooperate in discovery;
 
 
 20
 4) whether the sanctioned party was warned that failure to cooperate could lead to the sanction eventually imposed; and
 
 
 21
 5) whether less drastic sanctions were imposed or considered.
 
 
 22
 Id. at 154-55.
 
 
 23
 Applying these standards to the facts of this case, we cannot conclude that the bankruptcy court's July 5, 1990 entry of default judgment amounted to an abuse of discretion, defined as "a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989). We will review the five factors listed above seriatim to explain our reasoning.
 
 1.
 
 24
 Eberhardt and Monea claim that they could not comply with the discovery order because they were without counsel and acting pro se. We cannot agree that this fact excuses the defendants failure to comply with discovery orders.
 
 
 25
 First, the pro se status of Eberhardt and Monea was entirely of their own choosing. Both defendants originally had counsel, who later withdrew. Both defendants were given time to obtain new counsel, which they failed to do.
 
 
 26
 Second, the district court found that the bankruptcy court's orders were written in plain language understandable by laymen. The defendants clearly could have responded properly or retained counsel. Indeed, the defendants do not claim they could not respond to the discovery requests, only that the court did not inform them of how to do so properly. We have noted, however, that mere pro se status will not excuse a failure to respond properly to discovery requests. See Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1079 (6th Cir.1990). "Simply put, 'if a party has the ability to comply with a discovery order and does not, dismissal,' and we add or entry of default 'is not an abuse of discretion.' " Id. at 1073 (quoting Regional Refuse, 842 F.2d at 154).
 
 2.
 
 27
 The second factor is whether the party failing to comply with discovery did so willfully or in bad faith. In this case, the discovery requests were served by the trustee on October 30 and November 19, 1989. Four months passed, during which time the defendants continually sought and received extensions of time, filed requests for protective orders which were denied, and dismissed their attorneys. On March 12, 1990, the bankruptcy court ordered compliance by April 30, 1990. The court then granted another two extensions, until May 21, 1990, for Monea, and May 31, 1990, for Eberhardt, to respond to the discovery request. The defendants failed to respond at all to the document requests and filed improper responses to the interrogatories.
 
 
 28
 The district court found that this course of conduct exhibited "willfulness, bad faith, or fault" by the defendants. We do not find this ruling to be an abuse of discretion. Although Eberhardt and Monea did attempt to comply, their responses were woefully inadequate and do not vitiate their earlier dilatory tactics.
 
 3.
 
 29
 The third factor is whether the adversary was prejudiced by the delay. The prejudice prong is not satisfied by delay alone; rather, the adverse party must show that the delay resulted in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir.1990). It should be noted that these indicia of prejudice are applied more strictly when, as in this case, the defendants are seeking to overturn a final default judgment. See Id. at 620.
 
 
 30
 In this case, the district court noted that the trustee's discovery attempts were totally frustrated. As far as the document requests are concerned, this is clearly correct, because the defendants never responded to these requests at all. Although the defendants did file handwritten responses to the interrogatories, neither defendant served the answers on the trustee. Clearly, such incomplete responses prejudice the trustee's ability to prepare its case and increase the difficulty of future discovery. There is also a potential for fraud or the loss of evidence after such a delay. See Berthelsen, 907 F.2d at 621. Accordingly, we find that the trustee demonstrated a total frustration of its discovery attempts, which establishes prejudice. Abbe, 916 F.2d at 1079.
 
 4.
 
 31
 The fourth factor of notice to the Eberhardt and Monea is uncontested. The bankruptcy court repeatedly warned both individuals that default judgment was a potential sanction for their failure to respond to the discovery requests.
 
 5.
 
 32
 As for the final factor, the bankruptcy court explored lesser sanctions, expressly stating that sanctions were not limited to default judgment, prior to the show cause hearing. Also, the court granted numerous extensions extending over a six-month period and imposed no sanctions. As we noted in Abbe, "the defendants' lack of response to the court's order to compel discovery, despite the court's three-month long delay in addressing the bank's motion, demonstrated the futility of any lesser sanctions." Id. at 1079. The same is true for the six-month delay in this case.
 
 B
 
 33
 The complaint in this case sought damages "in excess of Five Million Dollars." The record reveals that although an evidentiary hearing was scheduled, apparently due to procedural irregularities, none was ever held.
 
 
 34
 Upon entry of default, only those well-pleaded allegations relating to liability are taken as true. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3rd Cir.1990) (citations omitted); United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir.1989). If the damages alleged are not for a "sum certain or for a sum which can by computation be made certain," Fed.R.Civ.P. 55(b)(1); the court "may conduct such hearings or order such references as it deems necessary and proper." Fed.R.Civ.P. 55(b)(2), see also, Id. Here the amount of damages claimed is not liquidated or capable of calculation from the pleadings. Accordingly, we remand to the district court with instructions to determine the proper amount of damages to be awarded after an evidentiary hearing on the issue.
 
 III
 
 35
 The district court's entry of a default judgment as to the liability of defendants is AFFIRMED. The portion of the district court's order awarding five million dollars, however, is VACATED and REMANDED for proceedings consistent with this opinion.
 
 
 
 [1]
 Defendant Robert Maresh has not appealed